UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:18-CR-00076-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY DANIEL BLEVINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Jerry Daniel Blevins's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. 45]. The United States (the "Government") responded in opposition to Defendant's Motion [Doc. 48]. This matter is now ripe for resolution. For the reasons stated herein, Defendant's Motion [Doc. 45] is **DENIED**.

**I.   BACKGROUND**

On November 28, 2018, Defendant pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and, on March 7, 2019, this Court sentenced Defendant to a term of 96 months' imprisonment, to be served consecutively to various state charges pending at the time, followed by a three-year term of supervised release [Doc. 39]. Defendant completed his state sentence and entered BOP custody on April 21, 2022 [Doc. 48-1]. He is currently housed at USP McCreary, and his projected release date is February 12, 2029 [*Id*.]. Defendant requested compassionate release from the warden on October 31, 2022, and the warden denied the request on November 22, 2022, citing Defendant's "high risk of recidivism, history of violence, and disciplinary record" [Doc. 45, pgs. 3, 16]. Thereafter, Defendant filed the motion

1

for compassionate release that is currently before the Court. The United States opposes Defendant's motion and argues that he does not meet the requirements for compassionate release [Doc. 48].

## II. LEGAL STANDARD

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3582(c)(1)(A) to provide district courts with the authority to modify a defendant's sentence and grant compassionate release

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

18 U.S.C. § 3582(c)(1)(A).[1]

Pursuant to this amendment, district courts may consider motions for compassionate release filed either by the Bureau of Prisons ("BOP") or by a defendant after the defendant has "exhaust[ed] the BOP's administrative process" or "thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of the administrative remedies is a "mandatory condition" to defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th

---

[1] The statute includes a separate basis for compassionate release which requires, among other prerequisites, that "the defendant is at least 70 years of age" and "has served at least 30 years in prison," but this provision does not apply to Defendant, as he is 36 years old and has only served approximately one year in BOP custody. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim-processing rule," it may be waived or forfeited by the Government. *Id*. at 833-34.

In addition to the procedural requirements, Section 3582(c)(1)(A) "has identified three substantive requirements for granting relief." *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Court must: (1) find that "extraordinary and compelling reasons merit a sentence reduction"; (2) find "that the reduction is consistent with 'applicable' Sentencing Commission policy statements"; and (3) consider the factors in Section 3553(a), to the extent they apply. *Jones*, 980 F.3d at 1106 (quoting *Ruffin*, 978 F.3d at 1003-06). A motion for compassionate release may be denied when any of the three substantive requirements are not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Additionally, the Sixth Circuit has clarified that when the defendant, rather than the BOP, files a motion for compassionate release, the Court "may skip step two of the [Section] 3582(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling' without consulting the policy statement in [U.S.S.G.] § 1B1.13." *Jones*, 980 F.3d at 1111.

### III. ANALYSIS

The Government does not dispute that Defendant has satisfied the procedural exhaustion requirement. However, the Government does oppose Defendant's motion, arguing that he has not shown that compassionate release would be consistent with the substantive requirements of Section 3582(c)(1)(A) [*Id*.]. The Court, in turn, will address the two requirements for defendant-filed motions: (1) whether extraordinary and compelling reasons exist and (2) whether the applicable Section 3553(a) factors warrant a sentence reduction.

#### A. Extraordinary and Compelling Reasons

Defendant requests "a sentence reduction or some type of release" but he does not provide any extraordinary and compelling reasons to support his request. Rather, he merely states that his

3

term of imprisonment did not start until April 21, 2022, despite being "locked up day for day" since February 24, 2018, that the facility where he is housed "stays on lockdown" and "there are no programs," and he has been sober since 2018 and has not been in any trouble [Doc. 45, pg. 5].

None of the foregoing, either alone or taken together, constitute extraordinary and compelling reasons warranting a sentence reduction. First, Defendant's 96-month term of imprisonment for the § 922(g)(1) violation did not begin until April 21, 2022, because the Court ran his federal sentence consecutively to his various state sentences [Doc. 39, pg. 2]. The decision to run the sentences consecutively is one that the Court made at the time of sentencing and "facts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021). Defendant's broad assertion that USP McCreary stays on lockdown and has no programs also does not constitute extraordinary and compelling reasons for compassionate release. In fact, the BOP records indicate that Defendant has been enrolled in the GED program since November 3, 2022 [Doc. 48-2]. Finally, Defendant's rehabilitative efforts, although encouraged, do not constitute extraordinary and compelling reasons for a sentence reduction. *See United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021) (holding that lack of disciplinary infractions and participation in programs is "behavior expected of federal prisoners[.]"). In sum, Defendant has failed to present any extraordinary and compelling reasons which would warrant compassionate release.

### B. Applicable § 3553(a) Factors

Even if the foregoing qualified as extraordinary and compelling, the Section 3553(a) factors do not support a sentence reduction. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a)

4

Case 2:18-cr-00076-DCLC-CRW   Document 50   Filed 04/24/23   Page 4 of 6   PageID #: 332

factors counseled against granting compassionate release"). Defendant unlawfully possessed a firearm, which was also determined to be stolen, while on probation for attempted arson [*See* Doc. 34, ¶¶ 11, 21, 57]. Due to his extensive criminal history, including various theft, drug, and violent offenses, Defendant had a total criminal history score of 28, placing him in the highest criminal history category possible under the sentencing guidelines [*Id*. at ¶¶ 56–58]. Based on the applicable criminal history category of VI and an offense level of 23, the Court calculated Defendant's guideline range as 92–115 months and sentenced him within that range to a term of 96 months followed by a three-year term of supervised release [Docs. 39, 40]. Defendant has served only 12 months of that sentence and, even with earned and projected good-time credit, he has approximately 70 more months to serve [*See* Doc. 48-1].

In consideration of the foregoing, a sentence reduction would be inconsistent with the purposes of the Section 3553(a) factors. Releasing Defendant at this time would create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Granting compassionate release after Defendant has only served one year of his eight-year term would not reflect the seriousness of the § 922(g)(1) offense, promote respect for the law, provide just punishment, or adequately deter Defendant or others from engaging in criminal conduct involving firearms or otherwise. *See* 18 U.S.C. § 3553(a)(2). The Court also considers the fact that the *bottom* of Defendant's guideline range was 92 months, of which he has only served approximately 13%. Most importantly, however, the sentence imposed must protect the public from further crimes of the Defendant. § 3553(a)(2)(c). Despite Defendant's declaration that he has "changed for the better" and has "learned his lesson" [Doc. 45-1, pg. 1], Defendant has an extensive criminal history, and the BOP
5

has classified him at a "high risk recidivism level" and notes that he also has pending unresolved charges [Doc. 48-3].

## IV. CONCLUSION

Accordingly, for the reasons stated herein, Defendant's *pro se* Motion for Sentence Reduction [Doc. 45] is **DENIED**.

Defendant also filed a motion seeking the appointment of counsel to file a motion for immediate release due to "the new law that recently passed stating that all [§ 922(g)] Possession of a firearm is unconstitutional" [Doc. 49, pg. 1]. Because the Court is unaware of any such law rendering convictions pursuant to § 922(g) unconstitutional, Defendant's motion to appoint counsel [Doc. 49] is also **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge